```
                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON
```

| | |
|---|---|
| CONNIE R. AVERSON, | ) |
| Plaintiff, | ) No. 10-CV-0395-JPH |
| v. | ) ORDER GRANTING DEFENDANT'S |
| | ) MOTION FOR SUMMARY |
| MICHAEL J. ASTRUE, | ) JUDGMENT AND DENYING |
| Commissioner of Social Security, | ) PLAINTIFF'S MOTION FOR |
| Defendant. | ) SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec.12, 17.) Attorney Lora Lee Stover represents plaintiff; Special Assistant United States Attorney Gerald J. Hill represents defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** defendant's Motion for Summary Judgment and **DENIES** plaintiff's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff Connie Rae Averson (plaintiff) protectively filed for supplemental security income (SSI) on February 21, 2008. (Tr. 170.) Plaintiff alleged an onset date of January 1, 2004. (Tr. 118.) Benefits were denied initially and on reconsideration. (Tr.74, 81.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ R.J. Payne on September 24, 2009 (Tr. 38-71.) Plaintiff was represented by counsel and testified at the hearing. (Tr.52-70.) Medical experts Thomas McKnight, Ph.D., and Anthony Francis, M.D., also testified. (Tr. 39-52.) The ALJ denied benefits (Tr. 21-28) and the Appeals Council denied review. (Tr. 1, 6.) The matter is now before this court pursuant

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcripts, the ALJ decisions, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 34 years old at the time of the hearing. (Tr. 27, 266, 307.) She graduated from high school. (Tr. 336, 366.) Plaintiff has worked in a warehouse, as a janitor at a daycare, and as a waitress and dancer. (Tr. 54-56.) She has pain in her hip, lower back, shoulders and lower arms. (Tr. 65.) She testified she has difficulty lifting, sitting, standing and walking while working. (Tr. 56-58.) Plaintiff testified once her condition is aggravated, she has to lie down for a while. (Tr. 58.) She has asthma, allergies, rosacea and possibly sacroiliitis. (Tr. 60-61, 64.) Painkillers cause memory problems. (Tr. 66.) She gets intense headaches from her allergy medication. (Tr. 67.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402

U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -3

so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

A finding of "disabled" does not automatically qualify a claimant for disability benefits. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). When there is medical evidence of drug or alcohol addiction, the ALJ must determine whether the drug or alcohol addiction is a material factor contributing to the disability. 20 C.F.R. §§ 404.1535(a), 416.935(a). It is the claimant's burden to prove substance addiction is not a contributing factor material to her disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). If drug or alcohol addiction is a material factor contributing to the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling. 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -4

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found plaintiff did not engage in substantial gainful activity since February 21, 2008, the application date. (Tr. 23.) At step two, the ALJ found plaintiff has the following severe impairments: history of chronic back and right hip complaints with history of/status-post hip debridement surgery. (Tr. 23.) At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 25.) The ALJ then determined:

> [The claimant would has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) with limitations for only occasional postural manipulations such as bending, stooping, kneeling, crouching, and crawling; and no balancing, vibrations and exposure to extreme cold.

(Tr. 25.) At step four, the ALJ found plaintiff has no past relevant work. (Tr. 27.) After considering plaintiff's age, education, work experience, residual functional capacity and the medical-vocational guidelines, the ALJ determined there are jobs that exist in significant numbers in the national economy that plaintiff can perform. (Tr. 27.) Thus, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act, since February 21, 2008, the date the application was filed. (Tr. 28.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ: (1) failed to properly consider the medical evidence and (2) made an improper credibility determination. (ECF No. 13 at 11-14.) Defendant argues the ALJ: (1) reasonably evaluated the medical record; and (2) made a reasonable evaluation of plaintiff's symptom testimony. (ECF No. 14 at 5-14.)

**DISCUSSION**

**1.    Credibility**

Plaintiff argues the ALJ did not adequately support the negative credibility finding. (ECF No. 13 at 13-14.) In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown

1   to be the cause of the symptoms. 20 C.F.R. § 416.929.

2   Once medical evidence of an underlying impairment has been shown, medical findings are not
3   required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir.
4   1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom
5   and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting
6   a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony merely because
7   a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885
8   F.2d 597, 601 (9th Cir. 1989). The following factors may also be considered: (1) the claimant's reputation
9   for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct;
10  (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or
11  third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278
12  F.3d 947, 958 (9th Cir. 2002).

13   If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is
14  unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit
15  the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169
16  F.3d 595, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons
17  must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan*
18  *v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ "must specifically
19  identify the testimony she or he finds not to be credible and must explain what evidence undermines the
20  testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

21   Plaintiff argues the ALJ's negative credibility finding "is not based on any convincing evidence."
22  (ECF No. 13 at 13.) Plaintiff also asserts "the decision does not contain clear and convincing evidence
23  to support the Defendant's decision to disregard the Plaintiff's testimony as to her pain and resulting
24  limitations." (ECF No. 13 at 14.) Plaintiff incorrectly asserts the ALJ's credibility finding must be based
25  on "clear and convincing evidence." The standard in making a credibility determination is "clear and
26  convincing reasons supported by substantial evidence." *See, e.g.*, *Carmickle v. Comm'r*, 533 F.3d 1155,
27  1161 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007); *Robbins v. Soc. Sec.*
28  *Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001);

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -6

*Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *Morgan v. Comm'r*, 169 F.3d 595, 599 (9th Cir. 1999); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *Swenson v. Sullivani*, 876 F.2d 683, 687 (9th Cir. 1989); *Gallant v. Heckler*, 753 F.2d 1450, 1455 (9th Cir. 1984). In this case, the ALJ cited a number of reasons justifying the credibility finding. Plaintiff fails to discuss or challenge any of the specific reasons cited by the ALJ in rejecting plaintiff's testimony.

One reason cited by the ALJ in finding plaintiff less than credible is that no treating or examining physician found plaintiff totally disabled for any length of time. (Tr. 26.) It is reasonable for the ALJ to consider the fact that no treating or examining physician has found the claimant disabled. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). Plaintiff saw Dr. Chavez-Muramatsu four times from January to April 2007. (Tr. 260-66.) He provided osteopathic manipulative treatment, prescribed physical therapy and referred her to an orthopedist. (Tr. 260-66.) Dr. Lynch, an orthopedist, performed hip arthroscopy in June 2007. (Tr. 276.) In July 2007, he told her she could resume normal activities because she was having very little pain. (Tr. 241.) After she reported pain in December 2007, Dr. Lynch gave plaintiff a steroid injection. (Tr. 274.) When she reported little relief from the steroid injection, Dr. Lynch referred plaintiff to a surgeon, Dr. Lamb, because he had exhausted his expertise. (Tr. 273.) In January 2008, Dr. Lamb found all of plaintiff's imaging studies were normal and suggested chiropractic treatment. (Tr. 282-83.) In June 2009, Dr. Russell gave plaintiff an injection in her hip for bursitis and achieved relief of all symptoms. (Tr. 627.) None of these treating or examining physicians opined plaintiff was disabled or precluded from work or identified any functional limitations. The fact that no physician found plaintiff disabled was properly considered by the ALJ in rejecting plaintiff's testimony about the effect of her condition.

Next, the ALJ cited the fact that plaintiff's testimony contained complaints not reported to her medical providers over the entire record. (Tr. 26.) In making a credibility evaluation, the ALJ may rely on ordinary techniques of credibility evaluation. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). A strong indicator of credibility is the consistency of the individual's own statements made in connection with the claim for disability benefits and statements made to medical professionals. S.S.R. 96-7p. The ALJ noted plaintiff testified about the need to lie down during the day and dermatitis-related headaches

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -7

which had not been reported elsewhere in the record. (Tr. 26.) Plaintiff saw a neurologist in May 2010, after the date of the ALJ's decision, for headaches concurrent with orgasm. (Tr. 761.) Dr. Wurst found no obvious pathology for her headaches and did not think a diagnosis would be established as a result of any testing. (Tr. 765.) In June 2010, plaintiff told Dr. Wurst she "had not worked since the first of the month" and said she needed to spend much of the day lying down to avoid pain in her hip and low back. (Tr. 763.) However, plaintiff does not point any record of the need to lie down for relief of back pain or headaches due to her allergies or skin condition available to the ALJ. As a result, the lack of consistency between plaintiff's testimony and her reports to medical providers regarding her limitations was properly considered by the ALJ and supported by substantial evidence.

Another factor cited by the ALJ to justify the negative credibility finding is plaintiff indicated a decrease in pain and improvement in function after physical therapy treatment. (Tr. 26.) The type, dosage, effectiveness and side effects of medication taken to alleviate pain or other symptoms as well as the medical treatment received to relieve pain or other symptoms are relevant factors in evaluating the intensity and persistence of symptoms. 20 C.F.R. §§ 416.929(c)(3)(iv) and 416.929.(c)(3)(v). An impairment that can be effectively controlled with treatment is not disabling. *Warre v. Comm'r, Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006.) After physical therapy in 2004, 2005, 2006, 2008 and 2009, plaintiff consistently reported significantly decreased pain and improved functionality. (Tr. 220, 230, 232, 313, 553.) The evidence of effective treatment of plaintiff's condition is inconsistent with disability and, as a result, was properly considered by the ALJ in rejecting plaintiff's testimony.

Finally, the ALJ concluded plaintiff's pain complaints are out of proportion to the objective evidence. (Tr. 26.) While subjective pain testimony may not be rejected solely because it is not corroborated by objective medical findings, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); 20 C.F.R. § 416.929(c)(2). The ALJ cited the testimony of the medical expert, Dr. Francis, and the opinions of the state reviewing physicians, Dr. Bernardez-Fu and Dr. Staley, indicating plaintiff is capable of light work with limitations for only occasional postural manipulations. (Tr. 26, 52, 299-306, 416.) The inconsistency between plaintiff's testimony about her limitations and medical opinions based on the objective evidence is reasonably considered by the ALJ. In addition, no treating or examining

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

physician opined plaintiff is disabled or identified any significant limitations. Physical therapy has been consistently been effective. The ALJ reasonably considered and interpreted the objective evidence as undermining plaintiff's claimed limitations.

Plaintiff argues the ALJ should have given greater weight to Dr. Francis' testimony that pain could be expected from plaintiff's condition. (ECF No. 13 at 13-14, Tr. 50.) The ALJ acknowledged that plaintiff's impairments could be expected to cause pain, which is consistent with Dr. Francis' testimony. (Tr. 26-27.) However, the ALJ concluded that the plaintiff's statements about the intensity, persistence and limiting effects of those symptoms are not credible to the extent they exceed the RFC. (Tr. 26-27.) Dr. Francis testified plaintiff could perform light work consistent with the RFC and there is no objective basis for plaintiff to be unemployable. (Tr. 51-52.) Even if the ALJ gave greater weight to Dr. Francis' testimony that chronic pain may be a result of S-I joint dysfunction, Dr. Francis' testimony that in this case, there is no objective basis for an inability to work is consistent with the ALJ's conclusions. Additionally, Dr. Francis agreed the RFC identified by the ALJ is consistent with plaintiff's abilities based on the record. (Tr. 52.) Plaintiff's argument ignores the specific conclusions Dr. Francis made about this record and this plaintiff. Thus, the ALJ did not err in considering Dr. Francis' testimony.

Based on the foregoing, the ALJ adequately considered plaintiff's testimony and complaints of pain and gave several clear and convincing reasons supported by substantial evidence for rejecting those complaints. Plaintiff fails to find fault with any of the reasons discussed by the ALJ and the ALJ's reasoning is supported by substantial evidence. As a result, the ALJ did not err in finding plaintiff less than credible.

**2.     Opinion Evidence**

Plaintiff argues the ALJ improperly weighed the medical and psychological opinion evidence. (ECF No. 17 at 10-14.) In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial

evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

      a.     **Dr. McKnight**

Plaintiff argues the ALJ "did not acknowledge the testimony of Dr. McKnight as it relates to his diagnosis of a mood disorder as it related to Plaintiff's physical capacity." (ECF No.13 at 11.) Plaintiff's argument is unclear. Contrary to plaintiff's assertion, the ALJ acknowledged Dr. McKnight's assessment of a likely mood disorder secondary to her medical complaints. (Tr. 24, 41.) The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe" or "disabling" as defined by the Social Security regulations. *See e.g. Edlund*, 253 F.3d at 1159-60; *Fair*, 885 F.2d at 603; *Key v. Heckler*, 754 F.2d 1545, 1549050 (9th Cir. 1985). An impairment is not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." S.S.R. 85-28. Dr. McKnight explained if plaintiff's pain were controlled to the point she could return to work, there would be no problem at all and the mood disorder is "not additive." (Tr. 41.) Despite assessing a likely mood disorder, Dr. McKnight unequivocally opined plaintiff has no severe impairment and identified no limitations or abnormalities due to mood disorder which affect plaintiff's ability to work. (Tr. 24, 41.) As a result, the ALJ's interpretation of Dr. McKnight's testimony is reasonable and supported by substantial evidence.

      b.     **Dr. Toews**

Plaintiff argues the ALJ did not acknowledge Dr. Toews' diagnosis of a pain disorder related to a medical condition. (ECF No. 13 at 11.) Dr. Toews conducted a psychological evaluation on September 9, 2008. (Tr. 364-68.) He diagnosed pain disorder associated with psychological factors and a general medical condition, provisional; and histrionic and narcissistic personality features, probable. (Tr. 367.) He opined that independent of physical problems, there are no cognitive or affective barriers to employability. (Tr. 367.) Despite plaintiff's assertion to the contrary, the ALJ acknowledged Dr. Toews'

assessment of a pain disorder. (Tr. 24.) As discussed *supra,* a diagnosis does not automatically mean a condition is severe or disabling for purposes of social security. *Id.* The ALJ pointed out Dr. Toews found plaintiff cognitively intact with attention, concentration and memory essentially unimpaired. (Tr. 24, 367.) Dr. Toews concluded plaintiff was not prevented from working by mental limitations. (Tr. 367.) Nothing in Dr. Toews' report suggests plaintiff ability to work is affected by a pain disorder and plaintiff points to no evidence supporting any specific limitations associated with a diagnosis of pain disorder elsewhere in the record.

Furthermore, Dr. Toews' diagnosis of pain disorder was a "provisional" diagnosis. (Tr. 367.) By specifying a diagnosis as only provisional, a clinician indicates "a significant degree of diagnostic uncertainty." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4TH Ed. at 5. A provisional diagnosis is made "when there is a strong presumption that the full criteria will ultimately be met for a disorder, but not enough information is available to make a firm diagnosis." *Id.* at 3–4. Thus, even if diagnosis alone was suggestive of disability, Dr. Toews' qualification of the pain disorder diagnosis with the term "provisional" indicates it is not a confirmed diagnosis. As such, a diagnosis of "pain disorder, provisional" does not establish disability or even a severe impairment without an assessment of limitations affecting the ability to work. The ALJ properly considered Dr. Toews' report and reasonably interpreted it to support a finding of no severe mental impairment. The finding is supported by substantial evidence and the ALJ did not err.

    **c.    Dr. Francis**

Plaintiff argues the ALJ did not acknowledge Dr. Francis' comments concerning chronic pain as it relates to the kind of orthopedic abnormalities from which plaintiff suffers. (ECF No. 13 at 11-12.) As discussed *supra*, the ALJ reasonably interpreted Dr. Francis' testimony as supporting the RFC finding. Although Dr. Francis acknowledged chronic pain may be a symptom of S-I joint dysfunction, he opined the record is consistent with the RFC and does not indicate plaintiff is unemployable. (Tr. 50, 52.) The ALJ's consideration of Dr. Francis' opinion is therefore supported by substantial evidence.

    **d.    Linda McLain, MSW**

Plaintiff argues the ALJ ignored the observations and opinions of Linda McClain, MSW. (ECF No. 13 at 12.) On August 5, 2010, Ms. McClain wrote a letter indicating plaintiff had been participating

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

in a work internship program through the Coalition of Responsible Disabled ("CORD"). (Tr. 773-74.) Ms. McClain reported that plaintiff was prompt, well-groomed, courteous and cheerful. (Tr. 773.) Plaintiff took direction and correction well and seemed motivated to learn new tasks. (Tr. 773.) However, Ms. McClain reported that plaintiff seemed to be in considerable pain much of the time. (Tr. 773.) Plaintiff was observed to have difficulty sitting for more than an hour and she had a hard time with repetitive tasks involving bending, stooping, crouching or reaching. (Tr. 773.) Plaintiff could work only for short periods and was only able to work six hours per week. (Tr. 773.) Ms. McClain reported plaintiff left the program because of personal frustration and pain and plaintiff's therapist reportedly recommended a leave of absence. (Tr. 774.)

The ALJ did not "ignore" Ms. McClain's letter because the ALJ had no opportunity to review it. The August 2010 letter was written after the ALJ's October 15, 2009 decision. (Tr. 773.) The ALJ did not err by failing to acknowledge a letter that was not in existence at the time of the decision. However, the Appeals Council considered the evidence from Ms. McClain in denying plaintiff's request for review. (Tr. 1, 4.) It is established in this circuit that any evidence which was submitted to the Appeals Council is part of the record for review.[1] *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (concluding the district court properly considered new evidence submitted to the Appeals Council because the Appeals Council addressed those materials in denying review); *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993) (noting district court reviewed all materials including evidence not before the ALJ when Appeals Council declined to accept review). Thus, this court properly considers the evidence from Ms. McClain in reviewing the ALJ's decision.[2]

As pointed out by defendant, Ms. McClain's letter relates to a period after the period under review. (ECF No. 18 at 13-14.) Ms. McClain indicates plaintiff participated in the CORD program from

---

[1] There is a split among the circuits on this issue. The Ninth Circuit follows majority rule. *See Mills v. Apfel*, 244 F.3d 1, 4 (1st Cir. 2001) (discussing circuit split).

[2] The Appeals Council may consider evidence not submitted to the ALJ if it is material to the period at issue and good cause is shown for the evidence not having been submitted previously. 20 C.F.R. § 404.1 Once the Appeals Council has considered the evidence, however, it is part of the record for review by this court. *See Harman*, 211 F.3d at 1180; *Ramirez*, 8 F.3d at 1452. Materiality and good cause are only relevant to this court under 405(g) when the court is asked to consider new evidence not submitted to the ALJ or the Appeals Council. 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12

February to May 2010. (Tr. 773.) There is no reasonable reading of the letter which makes the observations about plaintiff's condition from February to May 2010 relevant to the period before October 15, 2009, the date of the ALJ's decision. As a result, Ms. McClain's letter is not relevant to the period at issue and does not justify remand.

      **e.**      **Lori Taylor, ARNP**

Plaintiff argues the ALJ ignored the opinion of provider Lori Taylor, ARNP, stating plaintiff was unable to engage in substantial gainful activity as a result of her condition. (ECF No. 13 at 11.) Plaintiff cites notes from an office visit on November 6, 2009 and a DSHS "Documentation Request for Medical or Disability Condition" form dated November 18, 2009. (ECF No. 13 at 11, Tr. 741, 749-51.) Ms. Taylor listed lumbar sacral disc degeneration and sacroilliac joint dysfunction as conditions requiring special accommodations. (Tr. 749.) She indicated plaintiff is unable to lift heavy objects, sit or stand for long periods of time, and suggested no lifting greater than 20 pounds. She opined plaintiff was capable of light work but could work no more than one to ten hours per week. (Tr. 749-50.)

The evidence from Ms. Taylor cited by plaintiff was not considered by the ALJ because it was developed after the date of the ALJ's decision. Ms. Taylor's opinion was, however, considered by the Appeals Council in denying review. (Tr. 1, 4.) Thus, the court properly considers whether the evidence provides a basis for remand. *See Harman*, 211 F.3d at 1180; *Ramirez*, 8 F.3d at 1452. The court concludes it does not. First, as defendant points out, it is not clear from the November 18, 2009 office visit notes and DSHS form completed by Ms. Taylor that the opinion relates to the period under review. (ECF No. 18 at 13-14.) Even assuming the November 2009 evidence from Ms. Taylor relates to the period at issue, Ms. Taylor did not opine that plaintiff cannot work since she assessed plaintiff capable of light work with some limitations. (Tr. 750.) Furthermore and most importantly, Ms. Taylor's opinion is contradicted by other evidence in the record given significant weight by the ALJ, including the opinions of Dr. Francis and the state consulting physicians. For these reasons, Ms. Taylor's notes and statement do not justify remand.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -13

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No. 17)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(ECF No. 12)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED May 30, 2012

<u>S/ JAMES P. HUTTON</u>
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -14